UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HOUSTON, | No. 2:16-cv-2561 WBS KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| L. ELDRIDGE, et al., | |
| Defendants. | |

  Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for injunctive relief filed November 21, 2016.  (ECF No. 9.)  For the following reasons, the undersigned recommends that this motion be denied.

  Plaintiff alleges that on November 17, 2016, he attended a prison disciplinary hearing, related to a disciplinary report from 2015.  Plaintiff alleges that his due process rights were violated at this hearing.  Plaintiff alleges that Lieutenant Heise found him guilty of the disciplinary charges in retaliation for plaintiff's prosecution of the pending action.  As relief, plaintiff requests that "defendants" Lieutenant Kile and Lieutenant Heise and each of their officers be "restrained from being in any blind area of the institution where there's no other inmates around or camera to do surveillance in that area."  Plaintiff appears to suggest that Lieutenants Kile and Heise and other officers may engage in further retaliation if they are alone

1

with plaintiff and not under surveillance.

    Although plaintiff states that Lieutenants Kile and Heise are defendants, they are not named as defendants in the complaint.  In addition, the undersigned has simultaneously issued an order screening the complaint.  Therefore, no defendants have yet been served.  Usually, persons or entities not parties to an action are not subject to orders for injunctive relief.  Zenith v. Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).  Accordingly, plaintiff's motion for injunctive relief should be denied because no defendants have yet been served, and because Lieutenants Kile and Heise are not named as defendants.

    Moreover, plaintiff's claim that defendant Heise retaliated against him for litigating the instant action by finding him guilty of disciplinary charges is vague and conclusory.  Plaintiff does not allege any connection between Lieutenant Heise and the defendants named in the complaint.   Plaintiff's suggestion that Lieutenants Heise and Kile, and other officers, may further retaliate against plaintiff if left alone with plaintiff is also speculative.  Accordingly, plaintiff's motion for injunctive relief should also be denied on grounds that it is not well supported.

    Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 9) be denied.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 12, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Hou2561.pi

2