UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HOUSTON,<br><br>    Plaintiff,<br><br>    v.<br><br>L. ELDRIDGE, et al.,<br><br>    Defendants. | No. 2:16-cv-2561 WBS KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint attorney Regina Jones as "co-counsel" to assist plaintiff. The court does not appoint "co-counsel" to represent indigent prisoners.

Construing plaintiff's motion as a request for appointment of counsel, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to

1

appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Plaintiff has also filed a motion requesting permission to depose defendants by written questions. The procedures for convening depositions by written question are as follows:

> Rule 30 of the Federal Rules of Civil Procedure governs the procedure by which depositions are taken by oral examination. "A party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed.R.Civ.P. 30(b)(1). "The party who notices the deposition must state in the notice the method for recording the testimony." Fed.R.Civ.P. 30(b)(3)(A). The noticing party must also bear costs of recording the deposition. Id. In addition, that party must arrange for an officer to conduct the depositions (absent a stipulation by all parties otherwise). Fed.R.Civ.P. 30(b)(5)(A). The court cannot order defendants to arrange for plaintiff to take their depositions. On the other hand, plaintiff does not require the court's permission to take defendants' depositions.
>
> Depositions by written questions must be taken pursuant to the procedures set forth under Fed.R.Civ.P. 31. The procedure would involve plaintiff sending out a notice of deposition identifying "(a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur." Lopez v. Horel, 2007 WL 2177460 n. 1 (N.D.Cal. July 27, 2007) aff'd, 367 Fed. Appx. 810 (9th Cir. 2010). There would then be an opportunity for the parties to exchange written cross-examination questions for the witness, followed by written re-direct questions, and then written re-cross-examination questions. Id. The questions would then be sent to the deposition officer who would depose the witness with the scripted questions. Id. As for an oral deposition, the responses are reported and the transcript prepared by a court reporter. Id.
>
> "To obtain a deposition upon written questions, the prisoner thus has to pay the ... deposition officer fee, court reporter fee, and the cost of a transcript of the proceedings." Id. In any event, to obtain either an oral or written question deposition, plaintiff must follow the applicable rule. Leave of court is unnecessary and the motion is denied on that basis.

Pitts v. Davis, 2014 WL 29723, *9–10 (E.D.Cal. Jan.3, 2014) (fn.omitted).

2

Moreover, "[p]laintiff's in forma pauperis status ... does not entitle him to waiver of witness fees, mileage or deposition officer fees." Id. at * 10 n. 2 (citations and internal quotation marks omitted).

Plaintiff's motion to depose defendants by written questions is denied because he has not followed the procedures set forth above. Plaintiff has also made no showing that he can pay the related fees.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 34) is denied without prejudice;

2. Plaintiff's motion to conduct depositions by written questions (ECF No. 35) is denied.

Dated: September 26, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

hous2561.31