UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HOUSTON,<br><br>    Plaintiff,<br><br>    v.<br><br>L. ELDRIDGE, et al.,<br><br>    Defendants. | No. 2: 16-cv-2561 WBS KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On October 17, 2017, plaintiff filed a motion requesting that a different magistrate judge be assigned to the instant action. (ECF No. 37.) The undersigned construes plaintiff's motion as a request for recusal.

In the pending motion, plaintiff alleges that the undersigned demonstrated bias against plaintiff during the August 15, 2017 settlement conference.

A judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a party, 28 U.S.C. § 455(b)(1). Remarks made during the course of a judicial proceeding that are critical or hostile to a party or his case ordinarily will not support a bias or partiality claim unless they reveal an extrajudicial source for the opinion, or "such a high degree of favoritism or antagonism as to make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 554 (1994.) The

decision regarding disqualification is made by the judge whose impartiality is at issue. Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994).

Where the source of alleged bias or prejudice is a judicial proceeding, plaintiff must show a disposition on the part of the judge that "is so extreme as to display clear inability to render fair judgment." Liteky, 510 U.S. at 541. "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. at 555. Bias is not found where the judge has expressed anger or dissatisfaction or annoyance that are within the bounds of reasonable behavior. Id.

This undersigned's actions in this case do not support disqualification. The undersigned's rulings and comments do not reflect an extreme disposition or deep-seated antagonism. They do not reflect animosity, partiality, or inability to render a fair judgment in the instant action. They do not indicate bias, personal or otherwise, or prejudice, personal or otherwise.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of a different magistrate judge (ECF No. 37), construed as a motion for recusal, is denied.

Dated: November 2, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Hou2561.rec