UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HOUSTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L. ELDRIDGE, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-2561 WBS KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On February 22, 2018, the undersigned granted in part and denied in part plaintiff's motion to compel. (ECF No. 43.) The undersigned also ordered defendants to file further briefing regarding several of the at-issue discovery requests. (Id.) On March 8, 2018, defendants filed the further briefing in response to the February 22, 2018 order. (ECF No. 51.) The undersigned addresses the outstanding discovery disputes, addressed in defendants' further briefing, herein.

Plaintiff's Enemy List

The undersigned ordered defendants to clarify whether the enemy list provided to plaintiff included and identified plaintiff's enemies in 2016. (ECF No. 43 at 11.) If the enemy list provided to plaintiff did not reflect plaintiff's 2016 enemies, the undersigned ordered defendants to provide plaintiff with a list of his 2016 enemies, including which of those inmates were housed

1

on B-Facility on any dates between February 5, 2016, and July 17, 2016. (Id.)

In their further briefing, defendants state that the enemy list provided to plaintiff during the discovery period reflected his enemies in 2016, but not their locations during the relevant time period of February 5, 2016 through July 17, 2016. (ECF No. 51 at 3.) Defendants have now provided plaintiff with a document showing the plaintiff's listed enemy's external movement history to show their location during the relevant time period. (Id.)

Defendants have complied with the order directing them to provide plaintiff with information regarding his 2016 enemies and their movement. Accordingly, the motion to compel as to this matter is deemed resolved.

Request for Grievances

In the motion to compel, plaintiff claimed that defendants failed to provide him with copies of all 602 complaints and citizen complaints charging the defendants with discrimination, racial bias or excessive force. (ECF No. 43 at 7.) Plaintiff also claimed that defendants failed to respond to his request for the names and CDCR identification numbers of the inmates who wrote the 602 and citizen complaints alleging racial bias, discrimination and excessive force. (Id.)

In response to these requests, defendants provided plaintiff with a privilege log identifying inmate grievances filed in 2014-2017. (Id. at 8.)

In the February 22, 2018 order, the undersigned found that plaintiff was not entitled to grievances alleging racial bias and discrimination because plaintiff did not state a claim for racial discrimination. (Id.) The undersigned also found that plaintiff was not entitled to grievances alleging excessive force against defendant Eldridge because plaintiff did not allege that defendant Eldridge used excessive force. (Id.)

In the February 22, 2018 order, the undersigned found that plaintiff was entitled to discovery of grievances filed by other inmates alleging that defendants Brewer, Hyunh, Anderson, Stanfield, Padilla, Nyberg, Morales, Barajas, Stuhr, Rowe and Pacheco used physical violence on an inmate. (Id.) The undersigned stated that he was inclined to find that plaintiff was not entitled to the names of those inmates who filed the grievances based on the security concerns alleged by defendants in the opposition. (Id.) The undersigned ordered defendants to file a

1 declaration from an appropriate prison official in support of the claim that disclosure of the names

2 of the inmates named in the grievances could jeopardize the safety of the institution. (Id.)

3 In the March 8, 2018 response, defendants provided a declaration by K. Steele, a Sergeant

4 with the Investigative Services Unit ("ISU") at California State Prison-Sacramento ("CSP-Sac").

5 (ECF No. 51-1.) Regarding plaintiff's request for grievances, Sergeant Steele states,

> Inmates do not have access to other inmates' central files. An inmate's central file, which includes inmate grievances, is only available to that inmate and designated correctional staff in order to protect the inmate's privacy rights. Non-party inmate grievances can include information such as the identify of all inmates and officers involved in a particular incident, what their actions were, what they may have said, their injuries (vulnerabilities), and may include a transcript of a disciplinary hearing and the charges or sentence brought as a result. Plaintiff could disclose those 602 grievances to other inmates, which could enable inmates to manipulate staff or extort others, and also put defendants' safety at risk. Disclose would also chill the flow of information provided by inmate-grievants, witnesses, victims, and informants, who may fear being identified. Identifying participants in the grievance process would subject those participants to potential manipulation, extortion or reprisals by other inmates. Maintaining the confidentiality of such information discourages disturbances and promotes the safety and security of inmates and staff in the correctional setting. Releasing appeal documents from another inmates's central file to Mr. Houston would also create safety and security risks for that inmate, and possibly, whatever institution that inmate is currently housed. Once given that information, Mr. Houston could distribute to whoever he chooses.

18 (Id. at 2-3.)

19 The declaration of Sergeant Steele demonstrates that disclosure to plaintiff of the

20 identities of the inmates who filed the grievances, as well as the identities of any other inmates

21 involved in the grievances (such as witnesses) could jeopardize institutional safety and security.

22 Accordingly, plaintiff is not entitled to this information. Defendants shall redact the names and

23 all other identifying information, i.e., cell number, CDCR identification number, etc., of any

24 inmate identified in the at-issue grievances. Defendants shall then provide plaintiff with copies of

25 the redacted grievances, identified in the privilege log previously provided to plaintiff, within

26 twenty-one days of the date of this order.[1]

---

[1] If defendants determine that additional redactions are warranted in order to preserve institutional safety and security, they shall notify the court.

Photographs

In the motion to compel, plaintiff requested copies of photos taken regarding the incident involving defendants. (ECF No. 43 at 9.) In response, defendants stated that they provided the photos for plaintiff's inspection in the litigation coordinator's office at CSP-Sac. (Id.) Defendants argued that allowing plaintiff to possess the photos could endanger the safety of inmates and staff. (Id.)

In the February 22, 2018 order, the undersigned directed defendants to provide a declaration by a responsible official in support of their claim that allowing plaintiff to possess the photos would jeopardize institutional security. (Id. at 10.) Sergeant Steele's declaration addresses the security concerns regarding plaintiff's request to possess the photos:

> Releasing photographs of the institution itself has the potential to seriously compromise institutional safety and security because there is no way to ensure this information will not be distributed to the inmate population, or potentially be released to the general public via social media or by other means. Maintaining the confidentiality of such photographs discourages inmate disturbances, potential disturbances from non-inmates, and promotes the safety and security of inmates and staff in the correctional setting by limiting the information available to inmates and their associates regarding the physical layout, facilities, and equipment of the prison, which could be used in planning or carrying out an escape, riot or other disturbance.

(ECF No. 51-1 at 3.)

The declaration of Sergeant Steele demonstrates that allowing plaintiff to possess the photos could jeopardize institutional safety and security. Accordingly, plaintiff's request to possess the photos is denied.

////
////
////
////
////
////
////

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty-one days of the date of this order, defendants shall provide plaintiff with the redacted grievances, discussed above;

2. Plaintiff's request that he be permitted to possess the photos taken regarding the incident involving defendants is denied;

3. Plaintiff's motion to compel is deemed resolved.

Dated: March 14, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Hou2561.fb