UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HOUSTON, | No. 2:16-cv-2561 WBS KJN P |
| Plaintiff, | |
| v. | ORDER |
| L. ELDRIDGE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding through counsel, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 10, 2018, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations.[1] (ECF No. 90.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper

---

[1] Plaintiff himself filed objections before counsel was appointed.

1

analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed December 10, 2018, are adopted in full;

2. Plaintiff's motion for subpoenas (ECF No. 72), construed as a motion for discovery pursuant to Federal Rule of Civil Procedure 56(d), is denied;

3. Defendants' motion for summary judgment (ECF No. 62) is granted as to the merits of plaintiff's claim that defendant Eldridge violated plaintiff's Eighth Amendment rights when she released him to A Facility in July 2016;

4. Defendants' summary judgment is granted as to the following claims on grounds that plaintiff failed to exhaust administrative remedies: 1) defendants Brewer and Huynh retaliated against him on February 17, 2016 for participating in the use of force video; 2) defendants Brewer, Huynh, Stanfield and Anderson violated plaintiff's right to due process in connection with reports they prepared or failed to prepare regarding the February 5, 2016 incident; 3) defendant Eldridge violated plaintiff's right to due process when she "signed off" on plaintiff's disciplinary conviction related to the February 5, 2016 incident; 4) defendant Eldridge failed to intervene to protect plaintiff form retaliation that occurred on February 17, 2016; 5) defendant Eldridge violated plaintiff's right to due process regarding the second July 17, 2016 incident;

5. Defendants' motion for summary judgment on grounds that plaintiff failed to exhaust administrative remedies as to his excessive force claim against defendants Padilla and Huynh regarding the first July 17, 2016 incident is denied.

AND IT IS FURTHER ORDERED that in response to plaintiff's Request for Clarification (ECF No. 111), attorney Justin Palmer is hereby appointed to represent plaintiff henceforth in connection all matters relating to the trial of this action.

Dated: July 26, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

/hous2561.805