UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HOUSTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L. ELDRIDGE, et al.,<br><br>　　　　Defendants. | No. 2: 16-cv-2561 WBS KJN P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

<u>Introduction</u>

Plaintiff is a state prisoner, proceeding through counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' December 5, 2019 motion to stay this action. (ECF No. 125.) For the reasons stated herein, the undersigned recommends that defendants' motion be granted.

This action is set for a pretrial conference before the Honorable William B. Shubb on February 18, 2020. (ECF No. 114.) This action is set for jury trial before Judge Shubb on April 21, 2020. (<u>Id.</u>) Based on the recommendation that this action be stayed, the pretrial conference and jury trial are vacated.

////

////

////

Plaintiff's Failure to Oppose

Defendants noticed the motion to stay for hearing before the undersigned on January 9, 2020. (ECF No. 125.) Plaintiff failed to oppose or otherwise respond to the motion. Accordingly, on January 7, 2020, the undersigned vacated the January 9, 2020 hearing and ordered plaintiff to show cause why sanctions should not be imposed for his failure to respond to defendants' motion. (ECF No. 127.)

On January 14, 2020, plaintiff's counsel filed an opposition to the motion to stay and a response to the order to show cause. (ECF No. 128.) Good cause appearing, the order to show cause is discharged.

Plaintiff's Claims

Following summary judgment, this action proceeds on the following claims: 1) on February 5, 2016, defendants Brewer, Huynh, Anderson and Stanfield used excessive force and/or failed to intervene when excessive force was used against plaintiff; 2) defendants Brewer, Padilla and Huynh used excessive force against plaintiff during the first July 17, 2016 incident; and 3) defendant Nyberg, Barajas, Morales, Stuhr, Rowe and Pacheco used excessive force against plaintiff during the second July 17, 2016 incident.

*February 5, 2016 Incident*

Plaintiff alleges that on February 5, 2016, he returned to California State Prison-Sacramento ("CSP-Sac") after being out to court at California State Prison-Lancaster ("CSP-Lancaster"). Plaintiff alleges that defendants Brewer and Huynh came to Receiving and Release ("R & R") to escort plaintiff to his cell in A Facility, 3 Building, Cell 107. Plaintiff alleges that once they arrived at Cell 107, plaintiff noticed that the cell was dirty. Plaintiff told defendants that the cell was dirty and that it was supposed to be clean for new arrivals. Defendant Brewer became angry and said, "O.K. We're going to do our job." Defendants Brewer and Huynh then took plaintiff through the A Section side door into B Section and put plaintiff in the B Section cage. Defendants left plaintiff in handcuffs and leg irons.

Plaintiff alleges that defendants Brewer and Huynh returned with defendant Anderson. As they approached the cage they said, "Let's go." Plaintiff had a gut feeling that they were going to

2

harm him. Plaintiff stated, "I'm not going anywhere until I see the Lieutenant." Defendant Brewer then opened the cage, snatched plaintiff out by the left shoulder and arm and violently shoved plaintiff into the hallway of the A3 Building Rotunda blind area. Defendants Huynh and Anderson followed plaintiff and defendant Brewer into the rotunda. Once they had plaintiff in the rotunda blind area, defendant Brewer ordered defendant Stanfield to put a spit mask over plaintiff's head. Then defendant Brewer slammed plaintiff's face against the wall. Defendant Brewer grabbed the back of plaintiff's head and started repeatedly bashing plaintiff's face into the wall.

Plaintiff begged defendant Brewer to stop the assault and asked to be taken to his cell. Defendant Brewer replied, "If I take you to your cell, you're just going to talk shit…You know what? You just assaulted an officer." Defendant Brewer then took plaintiff to the floor and started punching and elbowing plaintiff in the face over and over again. Defendant Brewer screamed, "Stop resisting!" Defendant Huynh then started jumping up and down on plaintiff's low back and rib area.

Plaintiff alleges that defendants Anderson and Stanfield later claimed that they were not present during the assault.

Plaintiff later received a fabricated rules violation report accusing plaintiff of headbutting and assaulting defendant Brewer.

*First July 17, 2016 Incident*

On July 17, 2016, when defendants Brewer and Huynh saw plaintiff on the exercise yard, defendant Brewer said, "You're out of handcuffs now, so do something! Do something!" Plaintiff alleges that as he walked to his building, defendant Brewer charged him from behind. Defendant Brewer then twisted plaintiff around and started punching plaintiff in the face. Plaintiff alleges that defendants Padilla and Huynh tackled plaintiff to the ground and had their knees in plaintiff's back. Plaintiff alleges that defendant Brewer then tried to poke plaintiff's eyes out with his fingers.

Plaintiff alleges that defendant Brewer wrote another fabricated rules violation report based on this first July 17, 2016 incident alleging that plaintiff threatened to commit crimes of

3

violence against him.

*Second July 17, 2016 Incident*

Plaintiff alleges that later on July 17, 2016, plaintiff was placed in administrative segregation ("ad seg") in A Facility Building 5. As soon as plaintiff entered the building, escorting officer Nyberg asked plaintiff, "What happened earlier?" Defendant Nyberg then tripped plaintiff and slammed plaintiff against the ground. Defendants Nyberg, Barajas, Morales, Stuhr, Rowe and Pacheco assaulted plaintiff.

Discussion

In the pending motion, defendants request that this action be stayed pursuant to Heck v. Humphrey. In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held:

> [T]o recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose lawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

512 U.S. at 487.

In the pending motion, defendants state that plaintiff is currently being prosecuted by Sacramento County "for his actions pertaining to July 17, 2016, and conviction against plaintiff will likely result in barring plaintiff's July 17, 2016 claim in this court under Heck v. Humphrey, 512 U.S. 477 (1994)." (ECF No. 125-1 at 2.) Defendants request that this case be stayed pending resolution of plaintiff's criminal proceedings.

In the pending motion, defendants request that the court take judicial notice of a criminal complaint filed against plaintiff in Sacramento County Superior Court on October 26, 2016. (ECF No. 126.) This criminal complaint charges plaintiff with committing felony battery on July 17, 2016, against defendants Brewer and Padilla, resisting defendant Brewer (felony), and four prior convictions. (Id.) This complaint does not charge plaintiff with assaulting defendant Huynh, who plaintiff alleges assaulted him during the first July 17, 2016 incident. (Id.)

In the pending motion, defendants do not clarify whether the prosecution concerns the first or second July 17, 2016 incident. However, based on the summary judgment motion and

4

criminal complaint, it appears that plaintiff's criminal prosecution concerns the first July 17, 2016 incident.

Heck does not bar a plaintiff from bringing an action raising claims challenging ongoing criminal proceedings. However, Wallace v. Kato, 549 U.S. 384, 393-94 (2007), explains that such an action should be stayed:

> [i]f plaintiff files a false-arrest claim before he [or she] has been convicted (or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

459 U.S. 393-94.

Later, "[i]f the plaintiff is convicted, and if the stayed civil suit would impugn that conviction, Heck requires dismissal; otherwise, the case may proceed." Yuan v. City of Los Angeles, 2010 WL 3632810 at *5 (C.D. Cal. Aug. 19, 2010) (citing Wallace, 549 U.S. at 393); Peyton v. Burdick, 358 Fed.Appx. 961 (9th Cir. 2009) (vacating judgment in a § 1983 case where claims implicated rulings likely to be made in pending state court criminal proceedings and remanding for district court to stay action until pending state court proceedings concluded).

The criminal complaint does not describe the facts on which the criminal charges against plaintiff are based. It is possible that defendants could have used excessive force against plaintiff even if plaintiff committed battery against them during the first July 17, 2016 incident. Nevertheless, because a finding that defendants Brewer and Padilla used excessive force against plaintiff during the first July 17, 2016 incident in the instant action could invalidate the ongoing criminal proceedings or be "related to rulings that will likely be made in a pending or anticipated criminal trial," Wallace, 549 U.S. at 393, plaintiff's claims regarding the first July 17, 2016 incident should be stayed. See Martinez v. Cty. of Santa Clara, 2017 WL 2180985, at *3–4 (N.D. Cal. May 18, 2017) (granting stay of action alleging excessive force claims where the allegations in the civil action "ar[o]se from the same series of events and involve[d] overlapping issues of fact" as the plaintiff's felony criminal complaint); Monday v. McDonnell, 2015 WL 3970341, at *3 (C.D. Cal. June 30, 2015) (granting stay where "[t]he criminal charges may [ ] be relevant to

the resolution of the Complaint's excessive force claim").

It is possible that even if plaintiff is eventually convicted, plaintiff's claims regarding the first July 17, 2016 incident will not be barred under Heck in their entirety to the extent the facts underlying the conviction and the civil claims do not overlap. See Hooper v. Cty. of San Diego, 629 F.3d 1127, 1134 (9th Cir. 2011) (finding excessive force claims not barred by Heck "when the conviction and the [Section] 1983 claim are based on different actions during 'one continuous transaction.'"). However, the extent of that overlap and the scope of the Heck bar can only be determined after a conviction occurs. See Hopkins v. Contra Costa County Sheriff, 2012 WL 2063112 at *2 (N.D. Cal. 2012) ("In cases such as this one, where there is no extant conviction, it is appropriate to follow the [United States] Supreme Court's suggestion and stay the case.").

For the reasons discussed above, the undersigned recommends that plaintiff's claim regarding the first July 17, 2016 incident be stayed.

In the pending motion, defendants also argue that plaintiff's claim regarding the February 5, 2016 incident may also be Heck barred because plaintiff was found guilty of a rules violation based on that incident. In the summary judgment motion, defendants argued that plaintiff's excessive force claim regarding the February 5, 2015 incident and second July 17, 2016 incident were Heck barred because plaintiff was found guilty of disciplinary convictions related to these incidents for which he was assessed time credits. (ECF No. 87 at 21.)

In the opposition to the summary judgment motion, plaintiff argued that although he was assessed time credits following disciplinary convictions related to the February 5, 2016 and second July 17, 2016 incidents, his sentence was not extended by these assessments. (Id. at 22.) In the reply to plaintiff's opposition, defendants conceded that by the time plaintiff received the rules violation convictions, he was no longer able to have additional time added to his confinement. (Id.) In the findings and recommendations addressing the summary judgment motion, the undersigned found that, "Thus, defendants appear to withdraw their argument that these claims are Heck barred. Accordingly, the undersigned will not address this issue in these findings and recommendations." (Id.) Defendants did not object to this finding.

////

Based on the record discussed above, the undersigned is puzzled by defendants' argument in the pending motion that plaintiff's claims regarding the February 5, 2016 incident are <u>Heck</u> barred. Because defendants appeared to concede in summary judgment proceedings that plaintiff's claim regarding the February 5, 2016 incident were not <u>Heck</u> barred, defendants' current argument that plaintiff's claims regarding the February 5, 2016 incident are <u>Heck</u> barred is not well supported.

Finally, the undersigned considers whether this entire action should be stayed, or only plaintiff's claim regarding the first July 17, 2016 incident.

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." <u>Clinton v. Jones</u>, 520 U.S. 681, 706 (1997) (citing <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936)). "'A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'" <u>Mediterranean Enters., Inc. v. Ssangyong Corp.</u>, 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting <u>Leyva v. Certified Grocers of California, Ltd.</u>, 593 F.2d 857, 863 (9th Cir. 1979)).

In determining whether to grant a motion to stay, a court should generally consider the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

<u>Keating v. Office of Thrift Supervision</u>, 45 F.3d 322, 324–25 (9th Cir. 1995); see <u>Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr., Inc.</u>, 490 F.3d 718, 724 (9th Cir. 2007).

While plaintiff has an interest in proceeding expeditiously with this litigation, the undersigned finds that the other factors set forth above warrant staying this entire action until plaintiff's criminal proceedings regarding the first July 17, 2016 incident are resolved. If this

7

action is not stayed, defendants may be required to defend related claims at two separate trials. In addition, staying this action promotes the efficient use of judicial resources by having one trial rather than (potentially) two trials. The undersigned also finds that the interest of the public in the pending civil and criminal actions is better served by staying this action. Accordingly, the undersigned recommends that this entire action be stayed pending resolution of plaintiff's criminal proceedings.

Because the criminal complaint was filed against plaintiff over three years ago, defendants are ordered to file a status report within thirty days of the order adopting these findings and recommendations addressing the status of the criminal proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. The pretrial conference set for February 18, 2020, and the jury trial set for April 21, 2020, before Judge Shubb are vacated;
2. Within thirty days of the order adopting these findings and recommendations, defendants shall file a status report addressing the status of the criminal proceedings; and

IT IS HEREBY RECOMMENDED that defendants' motion to stay (ECF No. 125) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 23, 2020

Hou2561.stay

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE